Date Signed:
August 17, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JASON KENDRICK BROWN,<br><br>    Debtor. | Case No. 15-01509<br>Chapter 7 |
| PATRICK G. BRYAN,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON KENDRICK BROWN,<br><br>    Defendant. | Adv. Pro. No. 16-90018<br><br>Re: Dkt. No. 22 |

## AMENDED ORDER DENYING MOTION TO DISMISS

In this adversary proceeding, plaintiff Patrick G. Bryan seeks a determination that his claims against defendant Jason Kendrick Brown are not dischargeable in bankruptcy and that Mr. Brown is not entitled to a discharge at all. Mr. Brown has filed a motion to dismiss the case in which he argues (in summary) that the allegations of the complaint are false.

I have carefully read the parties' written submissions and I conclude that this motion is appropriate for decision without oral argument.[1] Accordingly, the hearing on the motion is CANCELLED.

Mr. Brown, who is not represented by counsel, does not cite the procedural basis for the motion. There are two possible bases.

The first is Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, which requires the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." This seems to fit Mr. Brown's motion because he calls it a motion to dismiss, which is the usual title for a rule 12 motion. But a defendant cannot make such a motion after the defendant files an answer,[2] and Mr. Brown has filed a document called an answer.[3] Mr. Brown's "answer" does not "admit or deny the allegations asserted against" him, is not "state[d] in short and plain terms,"[4] and does not state whether this adversary proceeding is core or non-core and, if non-core, whether he consents to the entry of final judgment by the bankruptcy judge.[5] So, rule 12 might apply because Mr. Brown's "answer" is

---

[1] LBR 9072-1(d)(5).

[2] Fed. R. Civ. P. 12(b) ("A motion asserting [failure to state a claim] must be made before pleading if a responsive pleading is allowed.")

[3] Dkt. # 3.

[4] Fed. R. Civ. P. 8(b)(1).

[5] Fed. R. Bankr. P. 7008.

2

U.S. Bankruptcy Court - Hawaii   #16-90018   Dkt # 34   Filed 08/17/16   Page 2 of 5

insufficient.

For purposes of a rule 12 motion, the court must assume that the facts alleged in the complaint are true.[6] The assumption of the truthfulness of the complaint applies only to motions to dismiss. At later stages of this adversary proceeding, Mr. Bryan will bear the burden of proof. In other words, if Mr. Bryan does not convince me at trial (or perhaps on a motion for summary judgment) that it is more likely than not that his allegations are true, Mr. Brown will win. But for purposes of this motion, the rules require me to assume that all of the well-pleaded allegations of the complaint are true.

The court then evaluates the alleged facts to determine whether they are sufficient "to state a claim for relief that is plausible on its face."[7] A formulaic recitation of the elements of a cause of action does not suffice.[8] A claim is plausible when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[9]

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Molleft v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir.2015)(citing *Twombly*, 550 U.S. at 555).

[8] *Compton v. Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir.2014)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[9] *Johnson v. Fed. Home Loan Mortgage Corp.*, 793 F.3d 1005, 1007 (9th Cir.2015)(citing *Iqbal*, 556 U.S. at 678).

U.S. Bankruptcy Court - Hawaii   #16-90018   Dkt # 34   Filed 08/17/16   Page 3 of 5

An additional requirement applies when a complaint alleges fraud or mistake. In such a case, the plaintiff must state with particularity the circumstances constituting the fraud or mistake.[10] A pleading is sufficient if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.[11]

I conclude that the complaint satisfies the applicable pleading requirements. Assuming (for purposes of this motion only) that the allegations are true, the complaint plausibly states claims under sections 523(a)(2), (a)(6), and 727(a)(4)(A), and contains more than enough detail to satisfy the particularity requirement (to the extent it is applicable).

The second possible basis for Mr. Brown's motion is Fed. R. Civ. P. 56, which requires the court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual

---

[10] Fed. R. Civ. P. 9(b).

[11] *McMaster v. United States*, 731 F.3d 881, 897 (9th Cir.2013) (citing *Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir.1993)).

4

U.S. Bankruptcy Court - Hawaii   #16-90018   Dkt # 34   Filed 08/17/16   Page 4 of 5

dispute remains for trial.[12] In making this determination, the court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in favor of the nonmoving party.[13]

Mr. Brown's motion does not meet the standard of rule 56 for two reasons. First, it is not supported by any admissible evidence; Mr. Brown's statements in his memoranda are not evidence because they are not made under penalty of perjury. Second, it is abundantly clear that there are many genuine disputes of material fact.

Therefore, the motion is DENIED. Mr. Brown is ordered to file a proper answer to the complaint, in compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, within fourteen days after the entry of this order.

For the future, I caution both parties to refrain from making arguments and factual assertions that are not relevant to this adversary proceeding. For example, the relationship among Mr. Brown, his ex-wife, and their children, and Mr. Brown's allegation of racism among employees of the Hawaii state government, have nothing to do with the legal issues in this case.

## END OF ORDER

---

[12] *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997).

[13] *James v. Rowlands*, 606 F.3d 646, 650 (9th Cir. 2010)(citing *McSherry v. City of Long Beach*, 584 F.3d 1129, 1134 (9th.Cir. 2009).

U.S. Bankruptcy Court - Hawaii   #16-90018   Dkt # 34   Filed 08/17/16   Page 5 of 5